UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTONIO MEDINA PUERTA,<br>      Petitioner,<br>    v.<br><br>UNITED STATES OF AMERICA,<br>      Respondent, | CIVIL NO. 15-14257-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                              June 24, 2016

I.   INTRODUCTION

On December 24, 2015, petitioner Antonio Medina Puerta ("Mr. Medina")[1] filed a self-prepared petition for writ of coram nobis (the "Petition") challenging his 1993 criminal conviction and sentence in this Court for bank fraud in violation of 18 U.S.C. § 1344, and for transportation of the funds obtained by the fraud.[2] See United States v. Puerta, No. 1:91-10258-MLW.[3] In the alternative, Mr. Medina seeks habeas corpus relief pursuant to 28 U.S.C. §2254 or §2241. Mr. Medina contends that the criminal judgment should be set

---

[1] In the Petition, petitioner refers to himself as "Mr. Medina" rather than by the name appearing in the caption to the underlying criminal case, Puerta. For purposes of this Memorandum and Order, the Court will refer to the petitioner as "Mr. Medina."

[2] On October 18, 1993, Judge Robert E. Keeton sentenced Mr. Medina to an 18 month term of imprisonment, concurrent on Counts 1 and 2. On July 25, 2011, the criminal case was reassigned to this court.

[3] The petition for writ of coram nobis also was filed in the criminal case. See (Docket No. 208).

aside and the indictment dismissed because it failed to state an offense, as recently established by the Supreme Court's opinion in Loughrin v. United States, 134 S.Ct. 2384 (2014). He further contends that Loughrin is a rule of substantive law and is retroactive for purposes of coram nobis or habeas review. Next, he contends that he has been subjected to substantial collateral consequences because of his conviction, including false arrests and banking difficulties. Finally, Mr. Medina contends that he first discovered the alleged constitutional and fundamental errors in 2015 when he first read Loughrin. He argues that he meets the test for issuance of a writ because he presents compelling circumstances that: (1) demonstrate a fundamental error; (2) explain why he did not seek relief earlier; and (3) show that he continues to suffer significant collateral consequences from the judgment and has no other remedy. Mr. Medina also requests appointment of counsel. With his petition, Mr. Medina also filed a Motion for Leave to Proceed in forma pauperis.

II. DISCUSSION

Although Mr. Medina has filed the instant petition as one for a writ of coram nobis, or in the alternative as one for habeas relief pursuant to 28 U.S.C. §2241 or §2254, this court will construe this action only as presenting a petition for writ of coram nobis. Mr. Medina has completed his criminal sentence and therefore does not meet the "in custody" requirement of §2241(c) or §2254(a). In light of Mr. Medina's custodial status, a coram nobis petition is the

appropriate vehicle to challenge his conviction and/or sentence in this court. See Trenkler v. United States, 536 F.3d 85, 98 (1st Cir. 2008) (stating that the writ of coram nobis "is ordinarily available only to a criminal defendant who is no longer in custody.").

The Motion for Leave to Proceed in forma pauperis is being denied as moot. No filing fee is required for the Petition because this court considers a coram nobis petition to be the "functional equivalent" of a motion filed pursuant to 28 U.S.C. §2255, as to which no filing fee inures. See Memorandum and Order, United States of America v. Belgrove, No. 11-11920-MLW (Oct. 27, 2011) at 5.

Mr. Medina's request for appointment of counsel is being denied without prejudice to renewal after the respondent has filed a response to the petition, upon a duly-filed motion. On this record, the court cannot make a finding on whether appointment of counsel is in the interests of justice.

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. This action is construed as a petition for writ of coram nobis and not a petition for habeas corpus;

2. Petitioner's Motion for Leave to Proceed in forma pauperis (Docket No. 2) is MOOT;

3. Petitioner's request for appointment of counsel is DENIED without prejudice;

4. The Clerk shall serve the petition on the respondent; and

5. The respondent shall, within 21 days of receipt of service of the petition, file an answer or other responsive pleading.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE