```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
                                )
          v.                    )
                                )  1:15-cv-14257-MLW
                                )
ANTONIO MEDINA PUERTA,          )
     Defendant.                 )
```

                          MEMORANDUM AND ORDER

WOLF, D.J.                                       September 10, 2019

I. INTRODUCTION

On October 18, 1993, defendant Antonio Medina Puerta ("Medina") was convicted of bank fraud, in violation of 18 U.S.C. §1344, and foreign transportation of stolen money, in violation of 18 U.S.C. §2314, after a nine-day jury trial in which Judge Robert Keeton presided. See Cr. No. 91-10258-MLW-1. The First Circuit affirmed the conviction. See United States v. Puerta, 38 F.3d 34, 36 (1st Cir. 1994).

Following his unsuccessful appeal, Medina filed a series of post-conviction motions which were denied. See Cr. No. 91-10258-MLW-1 (Docket Nos. 172, 176-77, 184, 193-95, 199, 200-01, 203-07); United States v. Medina, Nos. 95-1381, 95-1941 (1st Cir. June 5, 1996) (unpublished) (per curiam). On July 25, 2011, Medina filed a petition for writ of coram nobis, contending that the Supreme Court's decision in Neder v. United States, 527 U.S. 1 (1999), invalidated his bank fraud conviction. See Petition, 11-cv-11323-

RGS (Docket No. 1). On January 4, 2013, Judge Richard Stearns dismissed this petition, finding that the rule in Neder was not made retroactive. See 11-cv-11323 (Docket No. 11).

On December 24, 2015, Medina filed the instant "Petition and Motion for Writ of Coram Nobis, and Request for Appointment of Counsel and Further Briefing; Request for Judicial Notice" (the "Petition"). See Docket No. 1. He contends that his judgment must be vacated and the indictment dismissed because under the Supreme Court's decision in Loughrin v. United States, 134 S. Ct. 2384 (2014), the indictment fails to allege the crime of bank fraud under 18 U.S.C. §1344. Id. at 1. In particular, Medina argues that under Loughrin, bank fraud requires not only a "material" falsehood, but also a "relational connection between the alleged false statements or representations and the obtaining of bank property." Id. at 4. Medina states that he had no opportunity previously to raise this issue because he was not alerted to it until he read Loughrin in 2015. Id. at 1. He claims Loughrin is retroactive for the purposes of coram nobis review. Id. at 14-15. With the Petition, Medina also requested appointment of counsel and filed a motion for leave to proceed in forma pauperis.

On June 24, 2016, this court issued an order addressing various aspects of the Petition. See Docket No. 8. In particular, the court held that the Petition would be construed only as a petition for coram nobis and not as a petition for habeas corpus

2

or audita querela; determined that the motion to proceed in forma pauperis was moot because no filing fee is required for the Petition; and denied the request to appoint counsel without prejudice to renewal after the respondent filed its response. Id. at 3.[1] The court also ordered that the respondent file an answer. Id. at 4. The government filed an opposition to the Petition. See Docket No. 12.

For the reasons explained in this Memorandum, the Petition is being denied.

II. FACTUAL BACKGROUND

As summarized by the First Circuit, the pertinent facts are as follows. In November 1986, Medina, then a research associate at a Boston non-profit research organization and originally from Spain, deposited a check in his account in the branch of the Bank of Boston, where he did his banking. See Puerta, 38 F.3d at 36-37. The check was a bank check prepared by the Banco Central of Spain, dated October 30, 1986. The written amount on the check, translated into English, was "three hundred and sixty-five dollars," and the numeric representation on the check was "USD 365,ooo." Id. When he went to deposit the check at the Bank of Boston on November 3, 1986, Medina stated on the deposit slip that the check was for $365,000. Id. at 37. On November 5, 2016, he

---

[1] Medina has not renewed his request for appointment of counsel.

3

returned to the bank to request that $350,000 be wired from his account to an account in England. Id. The bank representative informed Medina that she first needed to verify that the check had been collected. Id. The following day the representative told Medina that the check had been returned and the credit deleted from his account. Id. On that day, Banco Central informed the Bank of Boston that the check was meant to be for $365. Id.

On November 7, 1986, Medina redeposited the signed check with a deposit slip stating that it was in the amount of $365,000. Id. He received a credit in his account for $365,000. Medina's account otherwise had a balance of about $3,000. Id.

On November 12, 1986, Medina returned to the bank and signed a wire transfer order directing the bank to transfer $350,000 from his account to an account in his name at Lloyd's Bank in England. Id. Later that day, the funds were wired to England. Id. The error was discovered about two weeks later. Id.

At his trial, Medina contended that the deposit of $365,000, rather than $365, was the result of an innocent misunderstanding regarding the amount stated on the check, which he believed was payment in connection with a research grant. Id. The jury was not persuaded and found Medina guilty. Id. In his appeal, Medina contended, among other things, that the Bank of Boston was not defrauded because Banco Central had informed it prior to the

4

November 7, 1986 deposit that the check was, in fact, for $365. Id. at 41.

### III. LEGAL STANDARDS

A court considering a coram nobis petition presumes that the original proceedings were valid. See United States v. Morgan, 346 U.S. 502, 512 (1954). The burden to prove otherwise is on the petitioner and is a heavy one. Id. In the First Circuit, for a coram nobis petitioner to succeed, he must "explain[] his failure to seek relief from judgment earlier, show that he continues to suffer significant collateral consequences from the judgment, and demonstrate that the judgment resulted from an error of the most fundamental character." Woodward v. United States, 905 F.3d 40, 43 (1st Cir. 2018) (quoting United States v. George, 676 F.3d 249, 254 (1st Cir. 2012)); see also Hager v. United States, 993 F.2d 4, 5 (1st Cir. 1993); United States v. Morgan, 346 U.S. 502, 512 (1954).

With respect to the third criterion, the Supreme Court has elaborated that "fundamental errors" are those that "rendered the proceeding itself irregular and invalid." See Morgan, 346 U.S. at 509. The First Circuit has indicated that what constitutes a "fundamental error" is not clearly defined, but the standard is a stringent one. See George, 676 F.3d at 258. Indeed, the remedy of coram nobis "lies at the far end of [the] continuum" of remedies,

encompassing "stiffer" requirements than do successive 28 U.S.C. §2255 motions. Id.

The First Circuit has noted that:

> [T]he tripartite test should not be administered mechanically but, rather, in a flexible, common-sense manner. Even if the test is satisfied, the court retains discretion over the ultimate decision to grant or deny the writ. In other words, passing the tripartite test is a necessary, but not a sufficient, condition for the issuance of the writ.

Id. at 255. "When all is said and done, issuing or denying a writ of error coram nobis must hinge on what is most compatible with the interests of justice." Id. at 258; see also Morgan, 346 U.S. at 511.

In addition, because Medina filed the Petition pro se, the Petition must be "liberally construed . . . [and] held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

IV. ANALYSIS

The court has liberally construed the Petition in assessing Medina's claims for relief. It finds that Medina has neither satisfied the three-prong test for relief nor shown that the interests of justice would be served by granting the Petition.

6

A. <u>Failure to Seek Relief Earlier</u>

While there is no statute of limitations for filing a writ of <u>coram nobis</u>, the one-year statute of limitations applicable to habeas corpus petitions seeking to vacate a sentence under 28 U.S.C. §2255 provides a "serviceable benchmark for what is reasonable." <u>See</u> <u>United States v. Woodward</u>, No. CIV.A. 12-11431-DPW, 2012 WL 4856055, at *4 (D. Mass. Oct. 10, 2012). Section 2255(f)(3), which sets forth the timing requirements for petitions under 28 U.S.C. §2255, indicates that no more than one year from the announcement of a new rule in a Supreme Court decision is needed for a reasonably diligent petitioner to seek relief based on that new rule. 28 U.S.C. §2255; <u>see</u> <u>id</u>. at *4. In <u>coram nobis</u> cases, courts have deemed untimely petitions filed more than one year after the announcement of an allegedly new rule. <u>See, e.g.</u>, <u>Woodward</u>, 2012 WL 4856055, at *4 (holding that Woodward did not meet the timeliness test because he submitted his <u>coram nobis</u> petition challenging his conviction based on the Supreme Court decision <u>Skilling v. United States</u>, 130 S.Ct. 2896 (2010), more than 20 months after the decision was rendered); <u>United States v. Njai</u>, 312 F. App'x 953, 954 (9th Cir. 2009) (denying <u>coram nobis</u> filed in August 2006 when the decision upon which relief was requested was issued in April 2004).

The Supreme Court decided <u>Loughrin</u> on June 23, 2014. Medina claims to have discovered <u>Loughrin</u> at some unspecified date in

7

2015, while reading an April 13, 2015 Ninth Circuit decision overturning his conviction on unrelated bank fraud charges. See Petition at 5, 14. He did not file his Petition until December 24, 2015, more than 18 months after June 23, 2014. See Petition at 14-15.

The court finds that a reasonably diligent petitioner would have advanced claims relying on the purportedly new Loughrin rule by June 23, 2015. See 28 U.S.C. §2255. Medina asserts that he did not have reason to research new cases continuously. Id. at 14, n.12. However, this is insufficient to show that the delay in filing the Petition was reasonable and justified. Therefore, the Petition is untimely. Accordingly, Medina has failed to satisfy the first, necessary prong of the three-part test.

### B. Collateral Consequences

Medina has also failed to establish that he continues to suffer "significant collateral consequences from the judgment." Hager, 993 F.2d at 5. The First Circuit has acknowledged that the case law concerning collateral consequences "has been uneven" and has indicated that "[d]espite the myriad approaches that courts have taken, . . . each attempted use of [coram nobis] must be judged on its own merits." George, 676 F. 3d at 254. Nevertheless, "[o]nly a small number of cases [have] found collateral consequences significant enough to satisfy the high standard of the coram nobis test." See United States v. Mirza, 755 F. Supp. 2d

329, 333 (D. Mass. 2010). To illustrate the kinds of consequences that reach the required level of gravity, the court in Mirza identified cases from other Circuits where the petitioner faced deportation as a result of the judgment. Id. (citing United States v. Kwan, 407 F.3d 1005, 1017-18 (9th Cir.2005); United States v. Esogbue, 357 F.3d 532, 534 (5th Cir. 2004)).

In the instant case, Medina asserts the loss of his professional reputation as an engineer manager and his continued difficulty in ordering bank wires due to being blacklisted as a fraudulent operator constitute significant collateral consequences. See Petition at 15-16. However, such consequences are, in essence, injury to Medina's reputation. Their impact on Medina's life and livelihood are much less significant than the threat of deportation. The First Circuit has noted that many courts have held that injury to reputation is not sufficiently grave to satisfy the "collateral consequences" requirement for coram nobis relief. See George, 676 F.3d at 254 ("[S]everal courts have indicated that something more than the stain of conviction is needed to show continuing collateral consequences.") (citing Fleming v. United States, 146 F.3d 88, 90-91 & n. 3 (2d Cir. 1998) (per curiam); United States v. Dyer, 136 F.3d 417, 429-30 & n. 33 (5th Cir. 1998); Hager, 993 F.2d at 5; United States v. Osser, 864 F.2d 1056, 1059-60 (3d Cir. 1988)). This court finds the reasoning of those cases persuasive.

Moreover, Medina has not met his burden of demonstrating that granting the Petition "w[ould] eliminate the claimed collateral consequences and bring about the relief sought." George, 676 F.3d at 256 n.3 (citing United States v. Bush, 888 F.2d 1145, 1149 (7th Cir. 1989)). The Petition does not attempt to explain how any injury to his reputation that Medina has allegedly suffered would be remedied by vacating his conviction and dismissing the charges against him more than twenty years after his conviction and many years after his release from custody. See Petition at 15-16.

In view of the foregoing, Medina has not satisfied the second essential prong of the test for obtaining coram nobis relief.

C. Fundamental Error

In addition, Medina has not demonstrated that the judgment against him resulted from an "error of the most fundamental character." George, 676 F.3d at 254. Medina alleges two related purportedly fundamental errors. See Petition at 7-14. First, he contends that it was error that the jury was not instructed that it had to find, and did not find, that Medina's alleged misrepresentation was the "means" by which the loss to the bank occurred. Id. at 7-11. More specifically, he claims it was error not to instruct the jury that the misrepresentation had to be "material" and that there had to be a "'relational' connection between the alleged false statements or representations and the obtaining of bank property" as Medina claims is required by

10

Loughrin. Id. at 4, 9. Second, Medina contends that it was error that the indictment failed to allege the purportedly required causal relationship between the alleged misrepresentations and the bank's loss. Id. at 11-14. He argues that when an element of the offense is absent from the indictment, there is "plain error" that requires vacating the judgment. Id. at 13.

As indicated earlier, the burden to establish an error of a "fundamental character" is a heavy one. See George, 676 F.3d at 258. To the extent that Medina complains that the jury was not instructed on materiality, Judge Stearns considered and rejected that argument in denying Medina's first petition for coram nobis. See Petition (Docket No. 1), 11-cv-11323-RGS, at 12; Order (Docket No. 11), 11-cv-11323 (holding that the Supreme Court did not make the rule enunciated in Neder retroactive).

Medina claims that the jury was not instructed on the "by means of" element of 18 U.S.C. §1344, as required by Loughrin. See Petition at 7, 9. As explained earlier, it is presumed that the underlying proceedings in Medina's case were correct. See Morgan, 346 U.S. at 512. The burden is on Medina to prove that they were not. Id. Medina has not provided the instructions to the jury in his 1993 trial. The instructions are also not immediately available to the court. However, in denying Medina's appeal, the First Circuit wrote that "[c]onsistent with the statutory language, the district judge told the jury that it could convict on count I if

11

it found either a scheme to defraud <u>or</u> a scheme to obtain property <u>by</u> <u>means</u> <u>of</u> false or fraudulent representations." <u>See</u> <u>Puerta</u>, 38 F.3d at 39 (emphasis added); <u>see</u> <u>also</u> <u>id</u>. at 40 ("The government argues that the district court in this case charged the jury that it could find a scheme to defraud "or" a scheme to obtain monies <u>by</u> <u>means</u> <u>of</u> false representations."). Therefore, it appears that the jury was instructed as Medina claims was required. In any event, Medina has not demonstrated that it was not.

Moreover, even if the "by means of" instruction had not been given, the ends of justice would not be served by vacating Medina's conviction. <u>See</u> <u>George</u>, 676 F.3d at 255. The scheme of which Medina was convicted is the type of scheme the Supreme Court in <u>Loughrin</u> stated was "clearly" "by means of" a false statement. <u>See</u> 573 U.S. at 363. The Supreme Court explained that the "by means of" language in §1344(2) "is satisfied when . . . the defendant's false statement is the mechanism naturally inducing a bank . . . to part with the money in its control," which "occurs, most clearly, when a defendant makes a representation to the bank itself—say, when he attempts to cash, at the teller's window, a forged or altered check." <u>See</u> <u>id</u>. Here, Medina's misrepresentations constituted the "mechanism" that "naturally induc[ed]" the Bank of Boston to part with its money. <u>Id</u>. In particular, by writing on the deposit slip filed with the Bank of Boston that the Banco Central check was for $365,000, while -- as the jury found -- knowing it was not, Medina

12

induced the Bank of Boston to be unlawfully dispossessed of that amount. See Puerta, 38 F.3d at 39-40, 42.[2] When Medina knowingly submitted deposit slips for the incorrect amount, he, in essence, "attempt[ed] to cash . . . a forged or altered check" -- a "clear" case where the "means" requirement is satisfied. Loughrin, 573 U.S. at 363.

Similarly, Medina has failed to demonstrate any error concerning his indictment. The indictment charging Medina with bank fraud included the required "by means of" language. More specifically, the indictment alleged that Medina knowingly attempted "to obtain moneys under the custody and control of such a financial institution by means of false and fraudulent pretenses, representa[t]ions and promises." See Petition (Docket No. 1) at 11 (citing Indictment) (emphasis added). Therefore, Medina has failed to demonstrate any deficiency in his indictment that rendered the district court proceedings "irregular and invalid." See Morgan, 346 U.S. at 509.

Accordingly, Medina has failed to satisfy the third, necessary prong of the three-part test.

---

[2] As the First Circuit also explained, "[t]he evidence [at trial] showed the Bank of Boston . . . was induced by Medina's misrepresentations to pay out a large sum to Medina," and Medina "did defraud the bank representatives with whom he dealt; and money was credited to his account and transferred out of the bank because of their belief in his statements, and not on some independent basis." See Puerta, 38 F.3d at 40, 42.

13

### D. Medina's Other Requested Relief

As indicated earlier, on June 24, 2016, this court held that it would construe the Petition only as presenting a petition for writ of coram nobis. See Docket No. 8. The court explained that Medina could not seek habeas corpus relief because he had completed his criminal sentence and, therefore, the "in custody" requirement of 28 U.S.C. §2241(c) and §2254 was not met. See id.

Medina's request for issuance of a writ of audita querela is also being denied. The First Circuit has indicated with respect to the writs of coram nobis and audita querela that "there is no material difference between the two ancient writs." See Trenkler v. United States, 536 F.3d 85, 90, n.2 (1st Cir. 2008); see also United States v. Iacaboni, 592 F. Supp. 2d 216, 221-22 (D. Mass. 2009) ("The general availability of a writ of error audita querela is unclear. The writ has been abolished in the civil context, and the First Circuit has declined explicitly to affirm its availability in the criminal context. Though the criteria to be satisfied in order to invoke this common law tool are not well established, it seems they would be at least as stringent as those identified for a writ of error coram nobis.") (internal citation omitted); United States v. Cabezas, 935 F. Supp. 2d 386, 389 (D. Mass. 2013) (dismissing request for writ of coram nobis or audita querela brought under Padilla v. Kentucky, 559 U.S. 356 (2010),

14

without distinguishing between the standards applicable to each form of relief).

V. ORDER

In view of the foregoing, it is hereby ORDERED that Medina's Petition and Motion for a Writ of Coram Nobis, and Request for Appointment of Counsel and Further Briefing; Request for Judicial Notice (Docket No. 1) is DENIED.

                                               /s/ Mark L. Wolf
                              UNITED STATES DISTRICT JUDGE